IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSEPH TOMLINSON
    Plaintiff,

vs.                                                          1:05cv98/MMP/MD

ARAMARK FOOD SERVICES,
    Defendant.

---

## REPORT AND RECOMMENDATION

    This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's amended civil rights complaint (doc. 9).  Leave to proceed *in forma pauperis* was granted and no initial partial filing fee was assessed (doc. 2 & 4).

    Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).   A complaint is frivolous under section 1915(e)  "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably

meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

    Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable constitutional claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

    Plaintiff alleges that his civil rights were violated when, on September 24, 2004 he was burned by a liquid substance while working in food service at Cross City Correctional Institution. He explains that he bumped a tray rack against a clear tube suspended from the ceiling in the dish room, dislodging the cap from the end of the tube. He was doused with the unidentified clear liquid, which apparently caused some sort of chemical burn. He returned to work four days later assigned to special duty or light work. Ms. Fowler, an Aramark employee, placed him back in the dish room. Plaintiff spoke with Mr. Dey, another Aramark employee, about his hesitation to work in the dish room with those chemicals being present. He states that Mr. Dey, Mr. Hightower and Ms. Fowler knew of the chemicals that were present and failed to post the Material Safety Data Sheets (MSDS) in those areas. He also claims that these individuals "[lied] on state documents," which the court presumes to mean the grievance responses he received, as set forth below. Plaintiff states that Aramark's deliberate indifference to the presence of "these chemicals" shows that they are directly responsible for my injury.

In his statement of claim, plaintiff claims that Aramark knew of toxic chemicals being present and failed to warn plaintiff of them.  He alleges that Mr. Dey and other Aramark staff were deliberately indifferent to his safety needs by ordering him to work near them, and that Aramark's failure to remove the chemicals after the injury occurred and placement of plaintiff in their vicinity a second time amounted to cruel and unusual punishment.  As relief, plaintiff requests a jury trial.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1.  whether the conduct complained of was committed by a person acting under color of state law; and

> 2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), <u>overruled on other grounds</u> *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

Plaintiff's claim arises under the Eighth Amendment.  Pared to its essence, his claim is that Aramark, through its employees, allowed or ordered him to work in unsafe conditions, which resulted in the burns he suffered.  The Eighth Amendment prohibits unnecessary and wanton inflictions of pain that are totally without penological justification. *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). In order to determine the existence of an Eighth Amendment violation, a court must first ascertain whether the officials involved acted with specific intent or with deliberate indifference to the inmates' health or safety.  *Hope v. Pelzer*, 536 U.S. at 738; 122 S.Ct. at 2514 (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).  Plaintiff alleges at most that Aramark was deliberately indifferent to the presence of the chemicals that burned him. However, there is nothing in the complaint to suggest that Aramark or its employees were aware of a substantial risk of harm to the plaintiff or others.  The unfortunate incident

appears to have been nothing more than a freak accident caused by plaintiff's knocking a tray against the pipe.  However, plaintiff's claim fails for other reasons as well.

Title § 42 U.S.C.A. § 1997e provides in pertinent part as follows:

(a) Applicability of administrative remedies
>No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a)(West Supp. 2002).  Therefore, the exhaustion requirement is a mandatory prerequisite to filing suit.   *See Hall v. Richardson,* 194 Fed. Appx. 835, 2005 WL 1939431 (11th Cir. 2005); *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Harris v. Garner,* 190 F.3d 1279, 1286 (11th Cir. 1999); *Alexander v. Hawk*, 159 F.3d 1321, 1329 (11th Cir. 1998).  This requirement applies to all inmate suits about any aspect of prison life, including cases in which plaintiffs seek only monetary damages. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct.1819, 1825, 149 L.Ed.2d 958 (2001). In *Alexander*, the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:

(1)  to avoid premature interruption of the administrative process;
(2)  to let the agency develop the necessary factual background upon which decisions should be based;
(3)  to permit the agency to exercise its discretion or apply its expertise;
(4)  to improve the efficiency of the administrative process;
(5)  to conserve scarce judicial resources;
(6)  to give the agency a chance to discover and correct its own errors; and
(7)  to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Medical Services, Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)).  The exhaustion process is mandatory, and cannot be waived even when the process is futile or inadequate.  *Hall v. Richardson,* 194 Fed. Appx. 835, 2005 WL 1939431 (11th Cir. 2005) (citing *Alexander,* 159 F.3d at 1325-26.)  A prisoner must provide as much relevant information about his claims as he can reasonably provide,

including the identity of those directly involved in the alleged deprivations. *Brown v. Sikes*, 212 F.3d 1205, 1210 (11th Cir. 2000).

Chapter 33-103 of the Florida Administrative Code In Florida provides for a multi-tiered grievance procedure. See *Chandler v. Crosby*, 379 F.3d 1278, 1287-88 (11th Cir. 2004). Except in certain limited cases, inmates are to first utilize an informal grievance procedure. Ch. 33-103.005, F.A.C. The next level of review is a formal grievance to the warden or assistant warden. Ch. 33-103.006, F.A.C. Finally, an inmate may appeal to the Office of the Secretary. Ch. 33-103.007, F.A.C.

If an inmate has a medical grievance, the informal grievance stage is bypassed, and instead the first step is submission of a formal grievance directly to the warden or assistant warden. Ch. 33-103.005(1) & 33-103.00 6(3)(e), F.A.C. Then, if the inmate's grievance is not resolved to his satisfaction, he may submit an appeal to the Office of the Secretary of the Department. Ch. 33-103.007(1).

Although the wording of the administrative code does not mandate that a grievance appeal be filed, in order to exhaust administrative remedies, the inmate must avail himself of all levels of review. See, e.g. *Jackson v. Parkhouse*, 826 So.2d 478, 479 (Fla. 1st DCA 2002) (inmate who submitted informal grievance but did not follow up with formal grievance or administrative appeal did not exhaust administrative remedies); *Adams v. Barton*, 507 So.2d 665, 666 (Fla. 1st DCA 1987) (inmate who failed to obtain final ruling by Secretary failed to exhaust administrative remedies); cf. *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted.") (citing *Alexander*, 159 F.3d 1326).

Appended to the amended complaint in this case are three grievances. First is an informal grievance claiming that when plaintiff returned to work on September 28, 2004, Mrs. Fowler assigned him to the dish room, to a job post "running trays" through a window. Plaintiff stated in the grievance that in this position he had to turn his body left to right for two consecutive hours, and the burn became aggravated. He complained that Mrs. Fowler subjected him to further injury by this placement and should be held accountable for her

actions.[1]  The response signed by Mr. Dey indicated that plaintiff had been moved to the dish room due to poor performance on the serving line and that he had only been instructed to unload the dishwasher due to his injury.  Plaintiff does not complain in this grievance about the initial injury he suffered or allegedly unsafe working conditions.

The plaintiff appealed to the superintendent, contending that Mr. Dey's previous response contained nothing but false statements.  He states that in fact he was assigned to the west side window in the dish room and states that Mrs. Fowler and the Aramark staff "made a grievous mistake and are attempting to fool this institution into thinking that nothing went wrong on 9-24-04."  He concluded the grievance by stating that Aramark staff was responsible for his initial injury and should be held accountable.  Again, he does not make specific mention of any allegedly unsafe working conditions or attempt to grieve the situation that led to his injury.

Plaintiff's appeal was denied.  The response indicates that Mrs. Fowler told the investigating employee that she was no on duty the day plaintiff was injured and did not know the extent of his injury, that plaintiff agreed to work two days after his injury, and she denied ordering the plaintiff to run trays, instead telling him to unload the machine only.  Plaintiff told her he had been burned, but said it involved steam and it "was nothing."  The response further indicated that Mr. Hightower, assistant Aramark director, said that when an inmate is assigned to duty in a given area of the kitchen, the specific job within that area is not indicated on the log, and inmates can be expected to work any job as needed.

In plaintiff's appeal to the secretary, he accuses Ms. Fowler, Mr. Hightower and Mr. Dey of giving false responses, and states that "not one Aramark employee is accepting responsibility for my injury."  The reply indicated only that the response plaintiff had received at the institutional level adequately addressed concerns he raised.

The court finds that these grievances do not adequately place the institution or Aramark corporation on notice that plaintiff claims he was working under unsafe conditions that were so unsafe as to result in a constitutional violation.  Plaintiff began the grievance

---

[1] Plaintiff does not complain in the grievance about the initial injury he suffered.

Case No: 1:05cv98/MMP/MD

process by challenging actions that took place after his injury, and almost as an afterthought seems to wish to place accountability elsewhere for what appears to be an unfortunate accident. Therefore, he has failed to state a claim due to his failure to exhaust administrative remedies.

Even if he had exhausted his administrative remedies, plaintiff has not stated a constitutional claim against Aramark corporation. The actions or omissions complained of in the grievances all involve subordinate employees of the corporation, and there is no basis for imputing knowledge of these actions or omissions to the corporation. To the extent plaintiff wishes to challenge actions of various individuals identified in the complaint, and hold Aramark responsible as the individuals' supervisor, he does not state a claim. *Respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne,* 326 F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); see also *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). There is no such evidence or allegations in this case.

As plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983,[2] the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

---

[2] This court does not decide whether plaintiff may be entitled to relief on another theory or in another forum.

*Case No: 1:05cv98/MMP/MD*

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 8TH day of November, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).